*The final accounting in the Estate of* PETER HENNESSY, Jr.

CHARGES against an infant next of kin for board, made by administratrix of an intestate and allowed and paid by herself to herself, disallowed on final accounting.

THE SURROGATE. In this matter a claim involving the same question as was considered in the final accounting in the Joseph Black estate (*supra*, p. 144), is made by Mary Hennessy, administratrix. It is for $1,046, for the board of the infant, Ellen, child and next-of-kin of the intestate, and it is attempted to have that amount set off against the distributive share of the infant. The administratrix is not the guardian of Ellen Hennessy, and does not claim to have paid herself that amount as guardian. She has expended it out of the estate for the support of the infant, and her only claim must be on an implied contract and assumpsit on the part of the infant, which would be void on the mere statement of infancy.

The counsel for the administratrix has kindly referred me, upon my suggestion of a lack of authorities, to a case (not reported) decided in the Supreme Court, Second Judicial District, and has furnished me with a manuscript copy of the decision, as follows :

SUPREME COURT—GENERAL TERM.

| | |
|---|---|
| HELEN S. DICKSON, Administratrix of the personal Estate of James Dickson, deceased,<br><br>*agt.*<br><br>ISAAC BADEAU, Guardian of the Estate of G. & J. Dickson. | *Appeal from Surrogate.* |

SELAH B. STRONG, J. The guardian of the estate of the infants has not appealed, and he cannot, therefore, raise any objection to the Surrogate's decree, except by way of assistance to the objections mentioned in the appeal of the administratrix. The allowances to the administra-

trix, who is also guardian of the persons of the two living children, as she was of the deceased child of the intestate, for the board of the children, are moderate, but the amounts are not so much out of the way as to require us to interfere with the decision of the Surrogate in that respect; but as the administratrix is now in possession of funds sufficient, and no creditor objects [nor do I see any reasons why any creditor should object], there should be a provision in the decree allowing the administratrix to retain the entire amount awarded for the board of each of the two surviving infants, without prejudice, however, to the claims upon her of the creditors of the intestate.

I can see no reasons for the directions of the administratrix to sell the lease within thirty days from the date of the decree; said sale would evidently be prejudicial, as well to the infants as to the administratrix. The creditors can, no doubt, exact a prompt sale, should they choose to do so, but the guardian cannot require it, unless he can satisfy the tribunal to which he may apply, that it is necessary, in order to secure or promote the interests of his wards.

The decree of the Surrogate should be modified in conformity to these suggestions, and the costs of the appellant on this appeal should be paid out of the estate.

The distinction between this case and the one at bar is so striking as to make it of no authority. The Supreme Court decided that a guardian might receive from an administratrix a portion or the whole of a distributive share of an infant. Of course the guardian was to account therefor, as guardian. In the case before me, the administratrix was not guardian, and cannot be called to account, as such, for what she has paid herself.

Our law makes no provision for the support of the family, out of the personalty of the intestate, pending the administration of the goods. If the administrator make advances, he is held to do it at his peril. If he

make advances for the support of infants, either to himself or to any other person not authorized to act and liable to account as guardian, such advances are as though they were made to the infants themselves. They will be objected to by the special guardians of the infants, and thrown out of the account. The Surrogate has no power to allow them.